# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| MICHAEL L. SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:14-cv-0713-MHT-PWG |
| | ) |
| PILOT TRAVEL CENTERS, | ) |
| LLC; CASSIE HAMLIN, | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Michael L. Smith, a citizen of Georgia, initiated this civil action with a complaint filed on June 27, 2014, in the Circuit Court of Lowndes County, Alabama, alleging that the Defendants Cassie Hamlin, a citizen of Alabama, and Pilot Travel Centers, LLC, a foreign corporation, "negligently []and/or wantonly maintained the premises of the Pilot convenience store so that it was not reasonably safe for business invitees, including Plaintiff, to walk on...[and that]...Defendant knew, or should have known, that [a] raised curb presented an unsafe hazzard...[and]...failed to warn the plaintiff of the unsafe condition..." proximately causing him to receive injuries resulting from a fall. (Doc. 1-1 at pp. 3-5; 45-cv-2014-900039.00 (Cts. 1 and 2)). On July 30, 2014, Defendants Pilot and Hamlin filed a notice of removal to the United

1

States District Court for the Middle District of Alabama on grounds that this court has subject matter jurisdiction in accordance with 28 U.S.C. § 1332; § 1441 and § 1446 because the parties are diverse. (Doc. 1 at pp. 1-7).

In light of the obvious pleading of Ms. Hamlin's citizenship in Mr. Smith's complaint, the Defendants assert that she was "fraudulently joined" and her citizenship should not be considered in determining subject matter jurisdiction. On August 4, 2014, Ms. Hamlin also file a motion to dismiss on grounds that the complaint "fail[ed] to state a claim upon which relief can be granted..." (Doc. 3 at p.1).[1] As in the notice of removal, Ms. Hamlin complained that "...the only references to Cassie Hamlin are in the caption and a statement in the body of the Complaint identifying her as [an Alabama Citizen]...." (Doc. 3 at p. 1). According to Ms. Hamlin, the complaint fails to allege facts sufficient to render Mr. Smith's complaint "plausible on in face," which she concludes violates the pleading requirements made applicable to federal courts actions by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (*Id.*).

Mr. Smith filed a response to the motion to dismiss on August 27 (Doc. 7) and brought the motion to remand this action to the state court on August 29 (Doc. 8).

---

[1] The motion does not mention F.R.Civ.P 12(b)(6) or the corresponding Alabama rule but tracks the relevant language.

2

Attached to each submission is an affidavit from Catherine Smith, Plaintiff's wife. (*See* Docs. 7-2 & 8-2, Ex. B). On September 10, Defendants filed a response in opposition to the motion to remand in accordance with the order of United States District Judge Myron H. Thompson. The matter was deemed submitted on September 15. On February 23, 2015, the matter was referred to the undersigned for review. (Doc. 16); *see also* 28 USC 636(b); Rule 72, Fed.R.Civ.P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

## I.   DIVERSITY JURISDICTION AND FRAUDULENT JOINDER

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000); *accord City of Vestavia Hills v. General Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012). A federal court may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

Nevertheless, "[b]ecause removal jurisdiction raises significant federalism

concerns, federal courts are directed to construe removal statutes strictly.... Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *White v. Wells Fargo Home Mortgage*, Civil Action No. 1:11–cv–408–MHT, 2011 WL 3666613, at *3 (M.D. Ala. Aug. 22, 2011) (a federal court is "obligat[ed] to narrowly construe removal statutes"; this obligation necessarily "requires that uncertainties be 'resolved in favor of remand'") (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). A removing defendants' burden to establish federal jurisdiction is "a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). "When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson v. Washington National Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

    A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "(1) there is no possibility the plaintiff can establish a cause of action against the [non-diverse or] resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* The defendant must make such a showing by <u>clear and convincing evidence</u>. *See*

*Parks v. N.Y. Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962) (emphasis added).

In the context of fraudulent joinder, the court is required to both evaluate the parties' factual allegations and submissions in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). "However, if a defendant shows that there is no possibility the plaintiff can establish [any of the alleged] cause[s] of action against the resident defendant, then the plaintiff is said to have fraudulently joined the non-diverse defendant." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (quotation marks and citation omitted). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "In that situation the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence*, 484 F.3d at 1297.

Although the determination of whether a non-diverse defendant has been fraudulently joined "should be made based upon the plaintiff's pleadings at the time of removal," *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)), a district court "can consider any submitted affidavits and/or deposition transcripts," *id*. (citing *Coker v.*

5

*Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) ("Both parties may submit affidavits and deposition transcripts." (citing, in turn, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A Dec. 1981))), *superseded by statute on other grounds as stated in Georgetown Manor*, *Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993)). The fraudulent joinder analysis, then, is not confined to the pleadings, but may also encompass "any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth,* 428 F.3d 1317, 1322 (11th Cir. 2005).

Appended to the notice of removal is an affidavit from Ms. Hamlin in which, *inter alia,* she states that she was not responsible for the condition which allegedly caused Mr. Smith injury and that she had no prior knowledge or notice of the condition. (Doc. 1-5 (Ex. E)). In the motion to remand and in response to Ms. Hamlin's motion to dismiss, Mr. Smith submits the affidavit of Catherine Smith in which she testifies that Ms. Hamlin told her, on the day Mr. Smith was injured, that "'...it was our fault. We will take care of this.'" (Docs. 7-2 & 8-2).

## II.  ANALYSIS

In the notice of removal, Defendants first posit what is best described as a linguistic contention. After observing that Ms. Hamlin and Pilot Travel Centers, LLC, are both named in the complaint, Defendants aver that the use of the singular "defendant" in the substantive counts of the complaint "...obviously mean[s] the

corporate defendant Pilot Travel Centers, LLC." (Doc. 1 at p. 5). Why the complaint must be read to include only the corporate defendant is not itself obvious. Assuming the pleading deficiency to exist, there is no reason to assume Mr. Smith meant to exclude Ms. Hamlin. The reading urged by Pilot applies equally to either "defendant." The term "defendant" as used in the complaint does not "obviously" refer to either defendant over the other.[2] Nothing on the face of the complaint "clearly and convincingly" establishes that Mr. Smith seeks compensation for his injuries solely from Pilot.

In her motion to dismiss, Ms. Hamlin seeks to elevate this supposed pleading error into a jurisdictional cudgel by contending that, because the complaint allegedly did not attribute to her conduct giving rise to liability, the action is subject to dismissal with prejudice pursuant to *Twombly* and *Iqbal*.[3] Ms. Hamlin's reading of

---

[2] When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually. Under the liberal requirements of notice pleading, "[n]o technical forms of pleading ... are required." *Crowe*, 113 F.3d at 1539 (quoting Fed. R. Civ. P. 8(a) and citing O.C.G.A. § 9-11-8(a)(2)(A)).

[3] As a general proposition, dismissal of a complaint for failure to state a claim operates as an adjudication on the merits for *res judicata* purposes, even where the dismissal order does not specify whether such dismissal was with prejudice or without prejudice. *See N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) ("unless the court specifies otherwise, dismissal on the grounds that the facts and law show no right to relief operates as an adjudication on the merits"); *Bierman v. Tampa Elec. Co.*, 604 F.2d 929, 930–31 (5th Cir. 1979) (where district court dismissed action *sua sponte* for failure to prosecute, and did not specify whether dismissal was with or without prejudice, dismissal acted as an adjudication on the merits, such that *res judicata* barred a subsequent action presenting the same claim); *Hall v. Tower Land and*

cited authority is excessively exuberant. Unquestioned controlling authority makes clear that, when considering a fraudulent joinder claim, federal courts are instructed to use the state rather than federal pleading standards. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329,1334 (11th Cir. 2011) ("We must necessarily look to the pleading standard applicable in state court, not the plausibility standard prevailing in federal court."). The Eleventh Circuit also observed that "[the] plausibility standard [of *Iqbal* and *Twombly*] 'asks for more than a sheer possibility that a defendant has acted unlawfully'.... In contrast, all that is required to defeat a fraudulent joinder claim is 'a possibility of stating a valid cause of action.'" *Stillwell*, 633 F.3d at 1333 (quoting *Triggs*, 154 F.3d at 1287).

As noted earlier, nothing in the complaint compels the conclusion that the allegations of a failure to maintain safe premises for business invitees or to warn of an unsafe condition are directed exclusively to Ms. Hamlin and not Pilot. To be sure, Ms. Hamlin contends that she is not responsible, but that assertion merely puts the

---

*Investment Co.*, 512 F.2d 481, 483 (5th Cir. 1975) (where district judge dismissed first action for failure to state a claim on which relief can be granted, but did not indicate whether dismissal order was "with prejudice" or "without prejudice," that order "operates as an adjudication on the merits" for *res judicata* purposes); *Douris v. County of Bucks*, 2001 WL 695019, *3-4 (E.D. Pa. June 18, 2001) (dismissal order that did not specifiy whether it was with or without prejudice operated as an adjudication on the merits where dismissal was for failure to state a claim under Rule 12(b)(6)); *9 Charles Alan Wright et al., Federal Practice & Procedure § 2373 (3d ed.)* ("Dismissals under Rule 12(b)(6) for failure to state a claim on which relief can be granted ordinarily are deemed to be an adjudication on the merits.").

burden of proof on Plaintiff to support of his allegations.

> The standard for evaluating whether the plaintiff can establish a cause of action against the resident defendant is very lenient: "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." [] "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."

*Ullah v. BAC Home Loan Servicing, LP*, 538 Fed. Appx. 844, 846 (11th Cir. 2013) (citation omitted).[4]

Alabama employs a notice pleading standard, which notably does not incorporate *Iqbal* or *Twombly* pleading standards. *See Thomas v. Williams*, 21 So. 3d 1234, 1236 n. 1 (Ala. Civ. App. 2008) (refusing to apply *Twombly* to state court pleading standards). Notice pleading must "provide defendants adequate notice of the claims against them." *Ex parte International Ref. & Mfg. Co.*, 972 So. 2d 784, 789 (Ala. 2007); *see also Ala. R. Civ. P. 8, Committee Comments* ("the prime purpose of pleadings is to give notice."). The standard for notice pleading is considered met "if the claim for relief gives to the opponent fair notice of the pleader's claim and the grounds upon which it rests. The discovery process bears the burden of filling in the

---

[4] *Ullah* appears in the Federal Appendix and is therefore "unpublished." When cited, it is not binding "'...but [] may be [] persuasive authority.' *See* 11th Cir. R. 36-2; *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1136 n.4 (11th Cir. 2004)." *Suntree Technologies, Inc. v. Ecosense International, Inc.*, 693 F.3d 1338, 1349 n.1 (11th Cir. 2012).

factual details." *McKelvin v. Smith*, 85 So.3d 386, 389 (Ala. Civ. App. 2010) (internal citations omitted). While federal pleading standards under *Iqbal* may require "sufficient factual matter ... [for] facial plausibility," an Alabama complaint cannot be dismissed "if the pleading contains even a generalized statement of facts which will support a claim for relief." *McKelvin*, 85 So.3d at 389 (quoting *Simpson v. Jones*, 460 So.2d 1282, 1285 (Ala. 1984)). The adequacy of pleading in an Alabama court is a state, not federal, matter in the first instance. *Henderson v. Washington* Nat'l Ins. Co., 454 F.3d at 1284 (11th Cir. 2006) ("[T]he decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands.").[5]

The Defendants cite *Fan v. Qualitest Pharmaceuticals*, 120 So.2d 1076 (Ala. Civ. App. 2013), for the proposition that an Alabama court would dismiss Mr. Smith's complaint. The cited case is wholly inapposite. Mr. Fan, a resident alien from China, filed a *pro se* complaint in the Circuit Court of Madison County. One

---

[5] Moreover, "inadequacies in pleading are generally handled by allowing plaintiff an opportunity to amend the complaint to correct them, but even where dismissal might be a proper remedy in federal court, a failure to correctly plead a claim does not require a finding that a plaintiff fraudulently joined a particular defendant or that there is no possibility that plaintiff could have established a cause of action against these defendants had the action remained in state court." *Hampton v. Georiga-Pacific, LLC,* 2011 WL 5037403, at *5 (S.D. Ala. Oct. 24, 2011).

allegation in his complaint was that he was terminated for having filed a workers' compensation claim. The Alabama Court of Civil Appeals recognized that the retaliatory discharge claim could not proceed because Mr. Fan did not ever allege that he had, in fact, filed a workers' compensation claim and that "the filing of such a claim is an essential element of a retaliatory-discharge claim." *Fan*, 120 So.2d at 1081. The unremarkable conclusion that a plaintiff must allege that he took the action for which he was terminated before he can sue on that ground says nothing at all about the matter at issue here: identifying each defendant charged with negligence and a failure to warn a business invitee of hazards.

Defendants also assert that the Mr. Smith may not "amend" his complaint with Mrs. Smith's affidavit after removal to plead what he should have in state court. He has done no such thing. The notice of removal presented Ms. Hamlin's affidavit in which she denies liability. In his motion to remand, Mr. Smith quite properly tendered Catherine Smith's affidavit in response to the notice of removal. At the same time, nothing in Alabama law required Mr. Smith to offer his *evidence* in support of his allegations that Ms. Hamlin was negligent and failed to warn him of the hazzard at the time he filed his complaint. While Defendants correctly note that the propriety of removal is assessed at the time the removal occurs, that legal aphorism does not preclude this court from accepting affidavits and other evidence

11

to consider the legal status of the action when removed by Defendants. In context of this case, Mr. Smith merely contends that, if the complaint was unclear at the time of removal, it could have been clarified in the Alabama court. *See Duffin v. Honeywell Int'l, Inc.*, 312 F.Supp.2d 869, 871 (N.D. Miss. 2004) (given a removing defendant's heavy burden, a removing defendant cannot allege vague and inconclusive pleadings as a basis for finding that plaintiffs have no claim against non-diverse defendants).

### III.   CONCLUSION

The United States District Court for the Middle District of Alabama expressly lacks subject matter jurisdiction over this controversy. The only issue here is whether Defendants have proven by "clear and convincing" evidence that Mr. Smith has no possibility of succeeding in his claims against Mr. Hamlin in an Alabama court as alleged in his complaint. "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1298 (11th Cir. 2007); *see also Crowe,* 113 F.3d at 1542 ("...there need only be a reasonable basis for predicting that the state law might impose liability on the facts involved...."). When applying that standard, a court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainty about the applicable law in the

plaintiff's favor. *See Crowe*, 113 F.3d at 1538. A plaintiff's subjective motivation for joining the resident defendant is irrelevant. *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 Fed. Appx. 888, 893 n. 3 (11th Cir. 2011). In the instant case, there is simply no evidence that would tend to prove Mr. Smith cannot state a cause of action against the non-diverse Defendant.

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Plaintiff's motion to remand (Doc. 8) is due to be **GRANTED** and case is due to be **REMANDED** to the Circuit Court of Lowndes, County, Alabama, for lack of subject matter jurisdiction at the time of removal. Because this court lacks subject matter jurisdiction, the court should decline to enter any ruling on Defendant Hamlin's motion to dismiss (Doc. 3), and that motion should remain pending for adjudication by the state court.

It is **ORDERED** that the parties shall file any objections to this recommendation on or before **March 16, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the district court. The parties are advised that this recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations

in the Magistrate Judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).

    **DONE** and **ORDERED** this 2nd day of March, 2015.

                                                   /s/ Paul W. Greene
                                           United States Magistrate Judge